IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Ray Dowdle, | ) |
| Plaintiff, | ) C/A No. 6:12-3253-DCN-KFM |
| v. | ) **REPORT AND RECOMMENDATION** |
| Capt. Chris Skinner; Det. Brian Blanton; Public Defender Mr. Don A. Thompson; Solicitors Mr. Trey Gowdy; Ms. Kimbertly Lewis Leskanic; Mr. Michael David Morin; The City of Gaffney County of Cherokee the of S.C., | ) |
| Defendants. | ) |

## Background

This *pro se* Plaintiff, who was incarcerated at the Spartanburg County Detention Center,[1] brings a civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Compl. 3. He alleges police officers Capt. Chris Skinner and Det. Brian Blanton arrested him for burglary, third degree, and he was detained on that charge. Compl. 3–5. He seems to allege he was detained in the Cherokee County Detention Center from May 29, 2009, until July 19, 2010, when he was released because he did not commit the crime. *Id.* Plaintiff alleges that Trey Gowdy, Kimberly Lewis Leskanic, and Michael David Morin abused their power as prosecutors in connection with the burglary charge and that they were employed with the Seventh Circuit Solicitor's Office. *Id.* He seems to allege that Don A. Thompson was a public defender who represented him. *Id.* Plaintiff appears to allege causes of action for false imprisonment, abuse of power, and

---

[1] At the time this action was filed, Plaintiff was incarcerated in the Spartanburg County Detention Center. Thereafter, he has twice notified this court of a change of address. His most recent address does not appear to be a prison or jail.

violations of due process because he allegedly did not have his day in court, and he seeks damages against all Defendants. *Id.*

After a review of the Complaint and the applicable law, this Court recommends that Defendants Don A. Thompson, Trey Gowdy, Kimbertly Lewis Leskanic, Michael David Morin, and "the City of Gaffney County of Cherokee the of S.C." should be summarily dismissed from this action.[2]

### Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

---

[2] In a separate order, issuance and service of process is authorized on Defendants Capt. Chris Skinner and Det. Brian Blanton.

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff names his public defender attorney as a defendant, he is not permitted to bring suit against him pursuant to § 1983. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *cf. Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). Because Don A. Thompson, a public defender, did not act under color of state law, Plaintiff fails to state a cognizable claim against him under 42 U.S.C. § 1983.

Further, Plaintiff's claims against the three solicitors are barred by the doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See*

S.C. Code Ann., S.C. CONST Art. V, § 24 (1995). Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Defendants Gowdy, Leskanic, and Morin's alleged wrongful conduct apparently relates to their pursuing a criminal case against Plaintiff. This alleged conduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, Defendants Gowdy, Leskanic, and Morin have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Lastly, although Plaintiff named "the City of Gaffney County of Cherokee the of S.C." as a defendant in the Complaint's caption, it is not clear whether he intends to sue the City of Gaffney, or Cherokee County, or whether he merely included the language to describe certain individuals' places of employment. If Plaintiff intends to sue the City of Gaffney and/or Cherokee County, he fails to state a claim on which relief may be granted. A municipality may not be held liable under § 1983 solely because it employs a tort-feasor; rather, a plaintiff must identify a municipal official "policy" or "custom" that caused the plaintiff's injury. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Because Plaintiff did not allege any actionable conduct by the City of Gaffney or Cherokee County,

nor identify any actionable policy or custom, the municipality defendant should be dismissed.

## Recommendation

It is recommended that the District Court dismiss Don A. Thompson, Trey Gowdy, Kimbertly Lewis Leskanic, Michael David Morin, and "the City of Gaffney County of Cherokee the of S.C." from this action *without prejudice and without issuance and service of process*. At this time, this action is proceeding against Defendants Capt. Chris Skinner and Det. Brian Blanton. **Plaintiff's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald
United States Magistrate Judge

February 27, 2013
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).