IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John Ray Dowdle, | ) |
|                 Plaintiff, | ) Civil Action No. 6:12-3253-DCN-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Capt. Chris Skinner; Det. Brian Blanton; Public Defender Mr. Don A. Thompson; Solicitor Mr. Trey Gowdy; Ms. Kimberly Lewis Leskanic; Mr. Michael David Morin; City of Gaffney; and County of Cherokee of S.C., | ) |
|                 Defendants. | ) |

This matter is before the court on the motion for summary judgment of defendants Detective Brian Blanton and Captain Chris Skinner (doc. 49). The *pro se* plaintiff alleges he was the victim of a false arrest and false imprisonment, and he seeks monetary relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Defendants Skinner and Blanton[1] filed a motion for summary judgment on July 3, 2013. On July 8, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible

---

[1] The plaintiff filed his complaint against all of the above-captioned defendants on November 13, 2012. On March 18, 2013, the undersigned authorized service of process against Captain Skinner and Detective Blanton and recommended that the remaining defendants be dismissed from the case without service of process (doc. 23). That Report and Recommendation remains pending.

consequences if he failed to respond adequately. The plaintiff timely filed his response on August 21, 2013.

## **FACTS PRESENTED**

In early May 2009, the plaintiff was arrested and jailed for burglarizing a house under renovation in Gaffney, South Carolina. Neighbors Kimberly and Leo Posey picked the plaintiff out of a photographic line-up as the man who entered the house and who later had possession of paint rollers that were reported to have been taken during the burglary. With this information, Gaffney Police Department Detective Brian Blanton sought and received an arrest warrant from a local magistrate on May 18, 2009, charging the plaintiff with burglary third degree, in violation of S.C. Code Ann. § 16-11-313. The plaintiff was arrested on the warrant by Captain Chris Skinner on May 29, 2009, and he was jailed in the Cherokee County Detention Center until July 19, 2010 (Blanton aff. ¶¶ 2-6; comp. pp. 3-4). While he was in custody, the Cherokee County Grand Jury considered the case on July 30, 2009, and indicted the plaintiff as charged (doc. 49-8). On July 19, 2010, the solicitor moved to dismiss the case, noting on the face of the indictment, "witness unavailable" (*id.*, p. 1). The plaintiff signed his complaint on November 9, 2012, and it was filed in this court on November 13, 2012.

The plaintiff contends that he did not commit the crime and was thus the victim of a false arrest and false imprisonment. He argues that the underlying investigation that led to his arrest was incomplete and improper and suggests that a more thorough inquiry by the defendants would have cleared him.

The defendants argue that the plaintiff waited too long to file his case here, as the applicable limitations period of three years bars his claim. They also point out that the plaintiff's arrest was made pursuant to a lawfully-obtained warrant and that his subsequent indictment by the county grand jury for the charged burglary further established

probable cause that he committed the crime, justifying his arrest and imprisonment. The defendants also argue that they are entitled to qualified immunity.

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

3

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

***Statute of Limitations***

The defendants contend that the plaintiff's case is barred by the applicable statute of limitations. This court agrees. As there is no federal statute of limitations for Section 1983 claims, the statute provided by the state for personal injury torts is controlling. *Wallace v. Kato, et al*, 549 U.S. 384, 387 (2007). In South Carolina, three years is the limitations period. *See* S.C. Code Ann. §§ 15-3-530(5),-535. The accrual date of a Section 1983 action is determined by federal law and occurs when the plaintiff has "a complete and present cause of action" and "can file suit and obtain relief." *Wallace,* 549 U.S. at 388 (citations omitted). Applying that rule here, the accrual date is May 29, 2009, the date that the plaintiff was arrested and jailed. *Id.* at 397 ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). As the plaintiff himself alleges in his complaint, he knew on that date that he was arrested and imprisoned, so he had three years – until May 29, 2012 – to file his case for false arrest and false imprisonment in this court to avoid the limitations bar. However, the plaintiff waited until November 9, 2012,[2] more than five months too late, to file his case. His year-long term of imprisonment, which ended when the prosecutor moved to dismiss the case for the unavailability of a witness, had no tolling affect on the limitations period; the plaintiff presents nothing to establish that

---

[2]At the time the plaintiff filed his complaint, he was being held in the Spartanburg County Detention Center. Accordingly, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The envelope does not show the date the complaint was delivered to prison authorities for mailing (*see* doc. 1-1). The plaintiff signed the complaint on November 9, 2012, making that the earliest date he could have provided it to authorities for mailing. Accordingly, the undersigned has considered that date as the date of filing.

4

he was prevented from filing this action in a timely manner. Accordingly, the plaintiff's case is untimely and should be dismissed.

***Probable Cause***

Even if the plaintiff had timely filed his complaint here, his case could not survive summary judgment. While the plaintiff claims he was the victim of a false arrest and false imprisonment, an undisputed and controlling fact is that the plaintiff was arrested pursuant to a lawful warrant. Unlike a warrantless arrest, where an arresting officer may be subject to a Section 1983 claim if he lacked probable cause but made the arrest anyway, an arrest pursuant to a warrant demonstrates that probable cause existed, and the arresting officer cannot be held liable for false arrest. *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)).

The allegations made by the plaintiff against the defendants for false imprisonment sound more in malicious prosecution, as he claims that they "did not do a complete and proper and thorough investigation" (doc. 56, p. 5, ¶ 3) and the charges against him were later dismissed. *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 182 (4th Cir. 1996) ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution."). "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, the Fourth Circuit recently explained that a malicious prosecution claim under Section 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure that incorporates certain elements of the common law tort. To state such a claim, a plaintiff must allege that the defendants (1) caused (2) seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in his favor. *Evans v. Chalmers,* 703 F.3d 636, 647 (4th Cir. 2012) (citation omitted).

5

While the plaintiff has met the first and third elements for malicious prosecution, he cannot meet the second element. The record before the court shows that the investigation included written statements from neighbors Kimberly and Leo Posey, who picked the plaintiff out of a photographic line-up as the man who entered the burglarized house and who later had possession of paint rollers that were reported as stolen during the burglary. The local magistrate found that probable cause existed and accordingly issued the warrant. The plaintiff provides no evidence that these defendants maliciously sought to prosecute him by knowingly providing false information to secure the warrant. Instead he merely questions the sufficiency of their efforts. Furthermore, the prosecutor chose to present the case to a Grand Jury, and the Grand Jury indicted the plaintiff as charged. The plaintiff has presented no evidence that the defendants lied to or misled the prosecutor. *Id.* at 647-48 ("[A] police officer is not liable for a plaintiff's unlawful seizure following indictment 'in the absence of evidence that [the officer] misled or pressured the prosecution.'") (citation omitted). As such, the plaintiff cannot maintain a Section 1983 action for malicious prosecution against the defendants.

*Qualified immunity*

As an additional ground for dismissal, the defendants in their individual capacities are entitled to qualified immunity as described in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and its progeny, as their conduct did not violate any constitutional right of the plaintiff.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 49) be granted.

s/ Kevin F. McDonald  
United States Magistrate Judge

September 30, 2013  
Greenville, South Carolina